

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DAS:BGK
F.#2010R00472

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 23, 2010

By ECF and Hand Delivery

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Miguel Morocho-Naranjo
            Criminal Docket No. 10-253 (JBW)

Dear Judge Weinstein:

      The government respectfully submits this letter in opposition to the defendant's request for a downward departure or sentence below the United States Sentencing Guidelines ("Guidelines") in the above-referenced case. For the reasons set forth below, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 41 to 51 months' incarceration. The defendant is scheduled to be sentenced on September 30, 2010.

I.    Background

      On May 5, 2006, the defendant was deported from the United States to Ecuador based on his December 14, 2001 conviction for Assault in the Second Degree, a crime of violence that is an aggravated felony. (Presentence Investigation Report ("PSR") ¶¶ 1,2,3). On February 16, 2010, the defendant was arrested by New York City Police Department ("NYPD") officers and charged with Assault in the Third Degree. (PSR ¶ 3). Subsequent to his arrest, the defendant was taken into custody by agents of Immigration and Customs Enforcement ("ICE"), upon their discovery that the defendant was present in the United States unlawfully. (PSR ¶ 3).

On May 18, 2010, the defendant pleaded guilty to a single-count indictment charging him with illegally reentering the United States after a conviction for the commission of an aggravated felony, in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2). The United States Probation Department ("Probation") estimates that the applicable Guidelines range in this case is 41 to 51 months, based on a total offense level of 21 and a criminal history category of II. (PSR ¶ 49). The government concurs with the Guidelines estimate set forth in the PSR. Pursuant to paragraph 5(b) of the plea agreement, the government takes no position with respect to where within the Guidelines range the defendant's sentence should fall.

By letter dated September 16, 2010, the defendant moves for a sentence below the Guidelines range. Specifically, the defendant requests a downward departure or non-Guidelines sentence under 18 U.S.C. § 3553(a) based upon, among other things, family circumstances and his mental health condition. See Defendant's Letter dated September 16, 2010 at 1, 4-5 (hereinafter "Def. Ltr."). As discussed below, a Guidelines sentence between 41 and 51 months is appropriate because it is consistent with the statutory sentencing provisions set forth in 18 U.S.C. § 3553(a).

II. Argument

    A.   Legal Standard

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the Court] may not presume that the Guidelines range is reasonable. [The Court] must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

"'When a factor is already included in the calculation of the [G]uidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation.'" United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007) (citation omitted, alterations in Sindima).

3

B.  The 3553(a) Factors Suggest That A Guidelines
    Sentence Is Appropriate In This Case

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

The defendant's history and characteristics reflect a pattern of repeated criminal conduct. The defendant was deported following a conviction arising from his stabbing a victim in the arm, chest and stomach. The defendant pleaded guilty to Assault in the Second Degree and was sentenced on February 1, 2002, to five years probation. He subsequently violated his probation based on an additional arrest, and was sentenced to six months in custody on March 16, 2006. On May 5, 2006, the defendant was deported to Ecuador. (PSR ¶¶ 16-19). After illegally reentering the United States, the defendant punched the mother of his four children on the left side of her head. (PSR ¶¶ 20-22, 30). As a result of the assault, on March 16, 2010, an order of protection for one year was entered to prevent the defendant from having contact with the victim. (PSR ¶¶ 20).

Given the defendant's violent history and disregard for the law, a below-Guidelines sentence would not "promote respect for the law" or "provide just punishment" in this case. 18 U.S.C. § 3553(a)(2)(A). Further, a below-Guidelines sentence would not "afford adequate deterrence to criminal conduct." Id. § 3553(a)(2)(B). Instead, a Guidelines sentence is necessary to adequately deter the defendant from further criminal conduct and to provide general deterrence.

B.  No Departure is Warranted for Family Circumstances

The defendant argues that the Court should consider his family circumstances in sentencing him, namely that the defendant will be unable to earn income to support his family. See Def. Ltr. at 1,2,4. Although advisory, the pertinent Guidelines policy statement provides that "family ties and responsibilities are not ordinarily relevant." U.S.S.G. § 5H1.6. The cases interpreting the Guidelines provide that family ties and relationships warrant a downward departure only when they are truly "extraordinary." See United States v. Galante, 111 F.3d 1029, 1033 (2d Cir. 1997). Absent extraordinary circumstances, courts are discouraged from downwardly departing based upon family circumstances. Galante, 111 F.3d at 1034; United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992) ("Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration.").

4

Such extraordinary circumstances are present where family members are "uniquely dependent" upon a defendant for financial or emotional support. United States v. Faria, 161 F.3d 761, 762 (2d Cir. 1998). In Faria, the Second Circuit reaffirmed its position that adverse consequences to a family, even a family that includes young children, due to a defendant's incarceration do not warrant a downward departure without truly exceptional circumstances. Id. at 763. see also United States v. Cutler, 520 F.3d 136, 165 (2d Cir. 2008) (noting that although the defendant's wife and children "will no doubt face hardship . . . this is true whenever family members are deprived of the company and/or support of a defendant who is incarcerated"); United States v. Trupin, 475 F.3d 71, 75 (2d Cir. 2007) (observing that family separation occurs whenever a defendant "runs afoul of the law and is then separated from her family . . . [w]hile tragic, it is a tragedy of [the defendant's] making").

Here, no such exceptional circumstances are present. As described in the PSR, prior to the defendant's arrest, the defendant provided the mother of his four children with child support only on an "as needed basis." (PSR ¶ 30). Further, the Probation Department, at the request of the defendant, refrained from contacting the mother of his children, and therefore, was not able to verify whether the defendant even financial supported them. (PSR ¶ 30). Moreover, the defendant appears to be as much a threat to his family as a help - as noted above, he assaulted the mother of his children by punching her in the head which resulted in a current order of protection from contact with her. Under the circumstances, a below Guidelines sentence based on family circumstances is completely unwarranted.

D. The Defendant's Mental Health Condition is Insufficient to Warrant a Downward Departure

The defendant cites mental health as another basis for a downward departure. The Second Circuit recently reiterated that "in order to warrant a departure resulting in a nonincarceratory sentence on the basis of an extraordinary health condition, the defendant must be seriously infirm with [a] medical condition that cannot be adequately cared for by [the] Bureau of Prisons." United States v. Cutler, 520 F.3d 136, 172 (2d Cir. 2008) (internal citations and quotations omitted).

The Bureau of Prisons ("BOP") is currently treating with medication the defendant's mental health condition and is capable of continuing to adequately treat the defendant for the

5

duration of his sentence. (PSR ¶ 33).  The defendant has failed to make any showing that the BOP cannot adequately care for his mental health condition.  The defendant's request for a downward departure or non-Guidelines sentence based on his mental health condition should therefore be denied.

III. <u>Conclusion</u>

       For the reasons set forth above, the defendant's motion should be denied, and he should be sentenced within the applicable advisory Guidelines range of 41 to 51 months' imprisonment.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                By:           /s/
                        Brendan G. King
                        Assistant U.S. Attorney
                        (718) 254-6006

cc:  Deirdre D. Von Dornum, Esq. (By ECF)
     Jaime L. Turton, United States Probation (By Mail)
     Clerk of Court (JBW) (By ECF)